KAREN P. HEWITT
United States Attorney
MEGAN CALLAN
Assistant U.S. Attorney
California State Bar No. 230329
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, 92101-8893
Telephone: (619) 557-7120
Facsimile: (619) 557-5004
E-mail: Megan.Callan@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ENRIQUE GONZALEZ FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services; PAUL PIERRE, District Director of the San Diego District of U.S. Citizenship and Immigration Services; and MICHAEL MUKASEY, Attorney General, U.S. Department of Justice,<br><br>    Defendants. | Case No. 08cv0921-W (RBB)<br><br>ANSWER TO COMPLAINT |

COME NOW the Defendants, by and through their counsel, Karen P. Hewitt, United States Attorney, and Megan Callan, Assistant United States Attorney, and in answer to the Plaintiff's Complaint for Review of Naturalization Application; 8 U.S.C. § 1447(b) ("Complaint"), set forth the following:

1. Answering Paragraph 1 of the Complaint with respect to the first sentence, Defendants admit that Plaintiff has represented himself to the Court and to U.S. Citizenship & Immigration Services ("USCIS") as a citizen of Mexico who resides within the jurisdiction of the Court. In all other respects, Defendants deny the allegations therein. With respect to the second sentence, Defendants state that the

allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

2. Answering Paragraph 2 of the Complaint, with respect to the first and second sentences, Defendants admit the allegations therein. With respect to the third sentence, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied. With respect to the fourth sentence, Defendants state that USCIS processes and adjudicates applications for naturalization. In all other respects, Defendants deny the allegations therein.

3. Answering Paragraph 3 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

4. Answering Paragraph 4 of the Complaint, with respect to the first sentence, Defendants admit that Plaintiff filed an application for naturalization with USCIS on or about December 21, 2004. In all other respects, Defendants deny the allegations therein. With respect to the second sentence, Defendants admit the allegations therein except that Defendants state that Plaintiff was interviewed by an agent or employee of USCIS. With respect to the third sentence, Defendants admit the allegations therein except that Defendants state that Plaintiff was interviewed by an agent or employee of USCIS and Defendants lack sufficient information to form a belief as to the truth of what a specific agent or employee of USCIS said to Plaintiff. With respect to the fourth sentence, Defendants state that they lack sufficient information to form a belief as to the truth of the allegations, and on that basis Defendants deny the allegations therein. Answering further, Defendants state that as of the date of the filing of this Answer, Plaintiff's application for naturalization requires further review prior to adjudication because Plaintiff has not provided all necessary information or evidence required by USCIS.

5. Answering Paragraph 5 of the Complaint, with respect to the first and second sentences, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied. With respect to the third sentence, Defendants deny the allegations

therein except that Defendants admit that Plaintiff's military service history contains questions of false claims to identity. Answering further, Defendants state that such questions materially impact Plaintiff's pending application for naturalization.

6. Answering Paragraph 6 of the Complaint, Defendants admit the allegations therein. Answering further, Defendants state that Plaintiff has failed to provide necessary information or evidence in support of his application for naturalization, without which USCIS cannot adjudicate the application.

7. Answering Paragraph 7 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

No answer is required to Plaintiff's Prayer for Relief. To the extent any answer is required, Defendants deny the allegations therein.

## AFFIRMATIVE OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendants allege as follows:

## FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## THIRD DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

## FOURTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

//

//

//

1  WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of his suit herein, that
2  judgment be rendered in favor of Defendants, for costs of suit herein incurred, and for such other and
3  further relief as this court may deem proper.
4  DATED: July 17, 2008                              Respectfully submitted,
5                                                                   KAREN P. HEWITT
                                                                    United States Attorney
6
7                                                                   s/ Megan Callan
8                                                                   MEGAN CALLAN
                                                                    Assistant U.S. Attorney
9                                                                   Attorneys for Defendants
                                                                    Email: Megan.Callan@usdoj.gov
10

1  KAREN P. HEWITT
United States Attorney
2  MEGAN CALLAN
Assistant U.S. Attorney
3  California State Bar No. 230329
United States Attorney's Office
4  Federal Office Building
880 Front Street, Room 6293
5  San Diego, California 92101-8893
Telephone: (619) 557-7120
6  Email: Megan.Callan@usdoj.gov

7  Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ENRIQUE GONZALEZ FLORES,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; et al.,<br><br>    Defendants. | Case No. 08cv0921-W (RBB)<br><br>PROOF OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of: ANSWER TO COMPLAINT on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Bob Mautino
Attorney for Plaintiff
bob@mautino.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 2008.

s/ Megan Callan
Megan Callan